[Cite as *State v. Santiago-Dennis*, 2014-Ohio-4204.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100661**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JULIO SANTIAGO-DENNIS

DEFENDANT-APPELLANT

---

### JUDGMENT:
REVERSED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-575190-A

**BEFORE:** Blackmon, J., Celebrezze, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 25, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

Erika B. Cunliffe
Paul Kuzmins
Assistant Public Defenders
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Andrew T. Gatti
Assistant County Prosecutor
9300 Quincy Avenue
Suite 4100
Cleveland, Ohio 44106

Adam M. Chaloupka
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1}   Appellant Julio A. Santiago-Dennis appeals his convictions and assigns the following errors for our review:

> I. Julio Santiago-Dennis was deprived of his liberty without due process of law, where his conviction for assault is insufficient as a matter of law.
>
> II. The trial court erred by refusing to grant Julio Santiago-Dennis's Rule 29 motion for acquittal where the indicted charge was assault under R.C. 2903.13(A) rather than resisting arrest.

{¶2} Having reviewed the record and pertinent law, we reverse Santiago-Dennis's conviction for assaulting a police officer.   The apposite facts follow.

{¶3} On July 9, 2013, the Cuyahoga County Grand Jury indicted Santiago-Dennis on one count of assault involving a police officer.   The charge arose in connection with an incident that occurred at a bus stop in Solon, Ohio.   At the arraignment on July 23, 2013, Santiago-Dennis pleaded not guilty to the charge.   Several pretrials followed, and on September 23, 2013, a jury trial commenced.

## Jury Trial

{¶4}   At trial, the following evidence was adduced through the testimony of four witnesses.   At approximately 11:00 p.m. on June 6, 2013, Santiago-Dennis, an employee of Swagelok Corporation in Solon, was waiting at the bus stop with two other employees.  Santiago-Dennis was jumping around, punching and kicking at the street sign, while hollering "fight club, fight club."

**{¶5}** Officer Roy Cunningham, of the Solon Police Department, while on routine patrol, witnessed Santiago-Dennis kicking the street sign, stopped, obtained Santiago-Dennis's identification, and returned to his cruiser to run his identifiers. Shortly thereafter, Officer Christopher Petranic arrived on the scene. Officer Cunningham, who had determined that Santiago-Dennis had no outstanding warrants, re-approached Santiago-Dennis presumably to issue a citation for criminal mischief.

**{¶6}** Officer Cunningham testified that prior to handing Santiago-Dennis the citation, he asked him if he had anything on his person that he was not supposed to have. Officer Cunningham stated that Santiago-Dennis responded in the affirmative, placed his hand in the right pocket of his hooded sweatshirt, and then "jumped back." Officer Cunningham testified that when he and Officer Petranic reached for Santiago-Dennis, he pulled away and began flailing his arms with a closed fist that struck him in the mouth, nose, and lower lip.

**{¶7}** Officer Cunningham testified that Santiago-Dennis continued to resist. They both fell to the ground with Santiago-Dennis landing on top and Officer Petranic attempting to subdue Santiago-Dennis. Officer Cunningham stated that during the altercation, he struck Santiago-Dennis in the face several times, because he feared he might gain access to his firearm, knife, or rollout baton.

**{¶8}** After finally subduing Santiago-Dennis, Officer Cunningham discovered he had fractured and dislocated his left ring finger. Officer Cunningham was taken to the hospital, where his wedding band had to be cut off to treat the dislocated finger.

{¶9} Officer Petranic's testimony was substantially similar to Officer Cunningham's. Officer Petranic testified that Santiago-Dennis appeared very agitated and hyper.

{¶10} Fifty-three-year-old John Grim, one of the two coworkers present at the bus stop, testified that Santiago-Dennis had been jumping around, punching and kicking the street sign, and mimicking a kung fu fighter for about ten minutes prior to the police's arrival. Grim stated that he unsuccessfully tried to get Santiago-Dennis to discontinue this behavior, but he kept hollering "fight club" and that Santiago-Dennis even punched him in the chest.

{¶11} Grim testified that when the police arrived, he advised Santiago-Dennis to calm down, not to resist, or to make matters worst. Grim observed the altercation, but because everything was happening so fast, he could not say for certain whether Santiago-Dennis actually struck Officer Cunningham. Grim testified that during the altercation, he kept telling Santiago-Dennis not to resist and he could hear him saying "I am not resisting."

{¶12} Grim did not have much interaction with Santiago-Dennis at work, because they worked in different departments. Grim testified that from the limited interaction he had with Santiago-Dennis, he believed his command and understanding of the English language were very poor.

{¶13} At the close of the state's case in chief, defense counsel moved the court for acquittal. The trial court denied the motion and defense counsel presented the testimony

of Malika Buchanan, the second coworker present at the bus stop that night. Buchanan testified that it was not unusual for Santiago-Dennis to be jumping around and acting the way he did on the night in question. Buchanan stated that sometimes Santiago-Dennis, who is from Puerto Rico, could be heard speaking to himself in broken English.

{¶14} Buchanan testified that during Santiago-Dennis's altercation with the officers, she never saw him strike either officer. Buchanan testified that Santiago-Dennis was only resisting the officers' attempt to subdue him.

{¶15} The audio of the altercation was captured on the dash-camera mounted on the patrol car. In the audio, Santiago-Dennis can be heard saying "I am not resisting, I can't breathe."

{¶16} The jury found Santiago-Dennis guilty of assaulting a police officer. On October 24, 2013, the trial court sentenced Santiago-Dennis to one year of community control. The trial court also ordered Santiago-Dennis to pay restitution to replace Officer Cunningham's wedding band that had to be destroyed during medical treatment for his finger.

## Sufficiency of the Evidence

{¶17} In the first assigned error, Santiago-Dennis argues that his conviction was not supported by sufficient evidence.

{¶18} Crim.R. 29 mandates that the trial court issue a judgment of acquittal where the prosecution's evidence is insufficient to sustain a conviction for the offense.

*Cleveland v. Pate*, 8th Dist. Cuyahoga No. 99321, 2013-Ohio-5571. Crim.R. 29(A) and sufficiency of evidence review require the same analysis. *State v. Mitchell*, 8th Dist. Cuyahoga No. 95095, 2011-Ohio-1241, citing *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386.

{¶19} A challenge to the sufficiency of the evidence supporting a conviction requires the court to determine whether the prosecution has met its burden of production at trial. *State v. Givan*, 8th Dist. Cuyahoga No. 94609, 2011-Ohio-100, citing *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. On review for sufficiency, courts are to assess not whether the prosecution's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. *Id*.

{¶20} The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Vickers*, 8th Dist. Cuyahoga No. 97365, 2013-Ohio-1337, citing *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶21} In the instant case, the jury found Santiago-Dennis guilty of assault on a peace officer in violation of R.C. 2903.13(A). The basis of the underlying charge was the resultant strike to Officer Cunningham's face by Santiago-Dennis' flailing hands and not because Officer Cunningham suffered a dislocated finger.

**{¶22}** R.C. 2903.13(A) required the state to prove that Santiago-Dennis knowingly caused or attempted to cause physical harm to Officer Cunningham. "Physical harm" means "any" injury regardless of its gravity or duration. R.C. 2901.01(A)(3).

**{¶23}** "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B).

> "Knowingly" does not require the offender to have the specific intent to cause a certain result. That is the definition of "purposely." Instead, whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself.

*State v. Jackson*, 8th Dist. Cuyahoga No. 97743, 2012-Ohio-4278, citing *State v. Dixon*, 8th Dist. Cuyahoga No. 82951, 2004-Ohio-2406, ¶ 16, quoting *State v. Huff*, 145 Ohio App.3d 555, 763 N.E.2d 695 (1st Dist.2001).

**{¶24}** We are mindful that Officer Cunningham suffered a dislocated finger in the altercation that ensued. However, there was no proof that Santiago-Dennis acted knowingly to cause physical harm to Officer Cunningham. The evidence established that Santiago-Dennis was resisting arrest, not assaulting Officer Cunningham.

**{¶25}** Although Officer Cunningham testified that he was hit in the face by Santiago-Dennis's flailing hands when he attempted to grab Santiago-Dennis, he never testified that it was deliberate or purposeful. None of the witnesses at trial testified that Santiago-Dennis's flailing hands was a purposeful attempt to strike Officer Cunningham. Both civilian witnesses testified that Santiago-Dennis was resisting arrest, and one

witness testified that he even advised him to stop resisting. As such, Santiago-Dennis's flailing hands that resulted in Officer Cunningham being struck in the face was merely incidental to his attempt to resist being arrested

{¶26} In the audio from the patrol car's dash-camera that was introduced as state's Exhibit No.1, Officer Petranic can be heard telling Santiago-Dennis to stop resisting and as previously stated, Santiago-Dennis responded that he was not resisting.

{¶27} Recently, in *State v. Curlee-Jones*, 8th Dist. Cuyahoga No. 98233, 2013-Ohio-1175, we were faced with an incident that is substantially similar to the present case. In *Curlee-Jones*, a police officer testified that as he pulled appellant from her car, she began swinging her arms and hit him in the head. A second officer testified that when appellant had been forced to the ground, he tried to grab hold of her legs in an attempt to subdue her for handcuffing and that she resisted by kicking him about a dozen times. *Id*. at ¶ 13. Appellant was subsequently convicted of two counts of assault on a police officer. However, in *Curlee-Jones*, we found that the contact appellant made with the officers was part and parcel of that resistance. *Id*. at ¶ 14. There, the state failed to prove the "knowingly" element of assault.

{¶28} Here, like *Curlee-Jones*, the state has offered no evidence, except that which would tend to establish a charge for resisting arrest. The state presented no evidence to establish that Santiago-Dennis's struggle with the officers contained a separate intent to knowingly cause or attempt to cause the officers physical harm.

{¶29} As such, we conclude that the state failed to present sufficient evidence to prove beyond a reasonable doubt that Santiago-Dennis knowingly assaulted Officer Cunningham. Accordingly, we sustain the first assigned error and vacate the conviction.

{¶30} Our resolution of the first assigned error renders the remaining error moot. App.R. 12(A)(2)(c).

{¶31} Judgment reversed.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
FRANK D. CELEBREZZE, JR., P.J.,
CONCURS IN JUDGMENT ONLY